IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| KIM YACHERA and JULIE SHAFER, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs<br><br>vs.<br><br>WESTMINSTER PHARMACEUTICALS, LLC, CVS PHARMACY, INC. and WALGREEN CO.<br><br>Defendants | CIVIL ACTION NO. 8:18-cv-02463<br><br>JUDGE MARY S. SCRIVEN<br><br>**DEFENDANT WALGREEN CO.'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT** |

Defendant Walgreen Co. ("Walgreens") moves pursuant to Rules 12(b)(2) and 12(b)(6) of the Federal Rules of Civil Procedure to dismiss, for lack of personal jurisdiction and for failure to state a claim, plaintiff Julie Shafer's claims against it. Ms. Shafer has failed to plead facts indicating that Walgreens' conduct in Florida caused any of the "injuries" alleged in plaintiffs' First Amended Complaint ("FAC"), and therefore the Court lacks specific personal jurisdiction over Walgreens. The Court also lacks general personal jurisdiction over Walgreens, which is neither incorporated nor maintains its principal place of business in Florida. Further, under settled Michigan law, Walgreens is shielded from liability under Counts II (implied warranty) and IX (strict liability-manufacturing defect) of the FAC.[1] Finally, Ms. Shafer does not

[1] The FAC sets forth claims brought by Ms. Shafer, against Westminster Pharmaceuticals, LLC, and Walgreens, the alleged pharmacy where Ms. Shafer allegedly purchased the subject Thyroid Tablets, USP. The FAC also sets forth claims brought by Kim Yachera, a Pennsylvania resident, against Westminster and CVS Pharmacy, Inc., the pharmacy where Ms. Yachera purportedly purchased the subject Thyroid Tablets, USP. Ms. Yachera's claims in the FAC are not brought against Walgreens.

plead a plausible claim for unjust enrichment (Count V) against Walgreens, failing to meet the *Iqbal/Twombly* pleading standard.

Additionally, Walgreens adopts and incorporates herein all arguments directed to Ms. Shafer's claims, and those of the putative nationwide class and Michigan subclass she purports to represent, as set forth in Westminster's Motion to Dismiss and accompanying Memorandum in Support [Dkt. 41].

Accordingly, this Court should dismiss all claims against Walgreens, with prejudice and without leave to amend.

Respectfully submitted,

*/s/ Paul M. Weekley*
Paul M. Weekley (Florida Bar #067938)
Megan B. Collins, Esq. (Florida Bar #99547)
**WEEKLEY, SCHULTE VALDES, LLC**
1635 N. Tampa Street, Suite 110
Tampa, FL 33602
Tel: (813) 221-1154
pweekley@wsvlegal.com

Paul J. Cosgrove (*pro hac vice* application forthcoming)
**ULMER & BERNE LLP**
600 Vine Street, Suite 2800
Cincinnati, OH 45202
Tel: (513) 698-5000
pcosgrove@ulmer.com

David D. Yeagley (*pro hac vice*)
**ULMER & BERNE LLP**
1660 West 2nd Street, Suite 1100
Cleveland, OH 44113
Tel: (216) 583-7216
dyeagley@ulmer.com

**Attorneys for Defendant**
**Walgreen Co.**

**CERTIFICATE OF SERVICE**

I hereby certify that on February 7, 2019 a copy of the foregoing was electronically filed. Notice of this filing will be sent to counsel of record for all parties through the Court's Electronic Case Filing system. Parties and their counsel may access this filing through the Court's Electronic Case Filing system.

*/s/ Paul M. Weekley*
One of the Attorneys for Defendant
Walgreen Co.

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | | |
|---|---|---|
| KIM YACHERA and JULIE SHAFER, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs<br><br>vs.<br><br>WESTMINSTER PHARMACEUTICALS, LLC, CVS PHARMACY, INC. and WALGREEN CO.<br><br>Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIVIL ACTION NO. 8:18-cv-02463<br><br>JUDGE MARY S. SCRIVEN<br><br>**MEMORANDUM IN SUPPORT OF WALGREEN CO.'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT** |

## I. INTRODUCTION

Based on controlling Supreme Court decisions in *Goodyear Dunlop Tires Operations, S. A. v. Brown*, 564 U.S. 915 (2011), *McIntyre Mach., Ltd. v. Nicastro*, 564 U.S. 873 (2011), *Daimler AG v. Bauman*, 571 U.S. 117 (2014), *Bristol-Myers Squibb Co. v. Superior Court of California*, 137 S. Ct. 1773 (2017), and *BNSF Ry. Co. v. Tyrrell*, 137 S.Ct. 1549 (2017), this Court cannot, consistent with Due Process, exercise personal jurisdiction over Walgreen Co ("Walgreens"). Accordingly, this Court should dismiss the First Amended Complaint ("FAC") as to Walgreens. In the FAC, plaintiffs Kim Yachera and Julie Shafer assert claims against Westminster Pharmaceuticals, LLC; however, only Ms. Shafer asserts claims against Walgreens. (*See*, *e.g.*, FAC ¶ 32 (describing the purported basis of Ms. Yachera's claims as arising from her purchase and consumption of "Thyroid Tablets manufactured and distributed by Defendant Westminster, and sold by Defendant CVS"); ¶ 52-54 (limiting Ms. Yachera's breach of express

warranty claim to Westminster and CVS.); Count III (asserting Ms. Yachera's claim for purported violation of Pennsylvania's Unfair Trade Practices and Consumer Protection Law specifically against Westminster and CVS, but not Walgreens).)

Although Ms. Shafer asserts claims against Westminster and Walgreens, she neither purchased nor consumed Thyroid Tablets, USP ("Thyroid Tablets") in Florida. Nor does Ms. Shafer allege any nexus between Walgreens' alleged conduct in Florida and her purported "injuries," thus negating a finding of specific personal jurisdiction over Walgreens. Further, it is undisputed that Walgreens is organized under the laws of Illinois and maintains its principal place of business in Illinois. (*See* FAC ¶ 36.) Thus, Walgreens is not "at home" in Florida and the Court cannot assert general personal jurisdiction over Walgreens. Accordingly, pursuant to Rule 12(b)(2), the Court should dismiss Ms. Shafer's claims as to Walgreens.

Further, Ms. Shafer's claims for breach of implied warranty (Count II) and strict liability-manufacturing defect are barred under Michigan law. Ms. Shafer does not allege that Walgreens manufactured Thyroid Tablets, nor that it failed to exercise reasonable care regarding the sale of Thyroid Tablets. Therefore, Walgreens is shielded from liability for breach of implied warranty (Count II). Additionally, Michigan does not recognize a product liability cause of action for strict liability, barring Ms. Shafer's claim under Count IX of the FAC. Ms. Shafer also fails to plausibly plead a claim for unjust enrichment (Count V); specifically, Ms. Shafer fails to allege any facts indicating either that she was "instructed to stop using the medication," or that the particular tablets she bought and allegedly ingested contained inconsistent levels of active pharmaceutical ingredient (API) rendering them "worthless." (FAC ¶¶ 100).

Finally, Walgreens adopts and incorporates all arguments in Westminster's Motion to Dismiss Plaintiffs' First Amended Complaint (and the accompanying Memorandum in Support)

("Westminster Mem.") [Dkt. 41], and moves the Court, pursuant to Federal Rules 9(b), 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss all Ms. Shafer's claims as well as those of the putative nationwide class and Michigan subclass she purports to represent. As set forth in Westminster's Memorandum, Ms. Shafer has not, *inter alia*, established Article III standing (*See* Westminster Mem. at § III.A.1.), her claims fail to meet the *Iqbal*/*Twombly* pleading standard (*id.* at § III.A.2.a–e.), she fails to plead her fraud claims with requisite particularity (*id.* at § III.A.2.f.), and the majority of Ms. Shafer's claims are barred by the economic loss doctrine (*id.* at § III.A.3.a., b.).

## II. FACTUAL ALLEGATIONS

### A. Ms. Shafer's Jurisdictional Allegations

This putative class action brought by Ms. Shafer, a Michigan resident, arises out of a recall of generic thyroid tablets initiated by Westminster. Ms. Shafer asserts her claims, as well as those of a putative nationwide class and a putative Michigan subclass, against Westminster and Walgreens. Walgreens is a retail pharmacy from which she alleges she purchased the subject Thyroid Tablets.

In the "FAC, Ms. Shafer asserts only that:

> Defendant Walgreens is a corporation organized under the laws of the State of Illinois and maintains its principal place of business at 200 Wilmot Road, Deerfield, Illinois 60015. Among other services, Walgreens provides pharmacy services. Defendant Walgreens conducts substantial business in the States of Michigan and Florida. Plaintiff Shafer purchased her thyroid medication at a Walgreens location in Michigan.

(FAC ¶ 36.) Ms. Shafer apparently attempts to establish that the Court could exercise personal jurisdiction over Walgreens based on its alleged business presence in Florida (*i.e.*, general jurisdiction), without connecting any suit-related conduct in Florida to her claims (*i.e.*, specific jurisdiction). Paradoxically, the very same paragraph of the FAC (FAC ¶ 36) explicitly

recognizes that Walgreens is organized under the laws of Illinois and maintains its principal place of business in Illinois, and consequently is not "at home" in Florida, precluding this Court's exercise of general personal jurisdiction over it. Further, Ms. Shafer does not allege any wrongful act by Walgreens in Florida that would give rise to specific personal jurisdiction by this Court, explicitly admitting that she purchased the subject Thyroid Tablets "at a Walgreens location in Michigan." (FAC ¶ 36; *see generally* FAC.) Thus, Ms. Shafer has failed to allege any facts demonstrating that this Court can assert personal jurisdiction over Walgreens. Consequently, pursuant to Rule 12(b)(2), Ms. Shafer's claims against Walgreens, and those of the putative classes she purports to represent, should be dismissed.

### B. Walgreens is a Non-Manufacturing Seller of Thyroid Tablets

It is undisputed based on plaintiffs' allegations that Walgreens is a non-manufacturing seller of the subject Thyroid Tablets. In the FAC, Ms. Shafer alleges that she "was prescribed, purchased, and consumed Thyroid Tablets manufactured and distributed by Defendant Westminster, and *sold by Defendant Walgreens*," explicitly recognizing that Walgreens is a seller, and not a manufacturer. (FAC ¶ 33 (emphasis added); *compare* ¶ 117 ("Westminster continued to *manufacture* and distribute the medication" (emphasis added)), *with* ¶ 117 ("Defendants CVS and Walgreens simultaneously continued to *sell* the medications" (emphasis added)).) As a non-manufacturing seller, Mich. Comp. Laws Ann. § 600.2947(6) is applicable to Ms. Shafer's claims against Walgreens. *See* § 600.2947(6) ("In a product liability action, a seller other than a manufacturer is not liable for harm allegedly caused by the product…."). None of the exceptions to Section 600.2947(6) apply here.

## III. ARGUMENT

### A. This Court Lacks Personal Jurisdiction over Walgreens

The United States Supreme Court's decisions in *Goodyear*, *McIntyre*, *Daimler*, *Bristol-Myers Squibb*, and *Tyrrell* have clarified the landscape concerning personal jurisdiction. Pursuant this controlling precedent, it would offend all notions of fair play and substantial justice to hale Walgreens into court in Florida, as (i) Walgreens is organized under the laws of Illinois and maintains its principal place of business in Illinois, and (ii) Walgreens' alleged tortious conduct has no jurisdictional nexus to the facts of this case. Courts may exercise personal jurisdiction over defendants only when constitutionally permitted. *See Goodyear*, 564 U.S. 915. "[T]hose who live or operate primarily outside a State have a due process right not to be subjected to judgment in its courts as a general matter." *McIntyre*, 564 U.S. at 881. "Due process protects the defendant's right not to be coerced except by lawful judicial power." *Id.* at 877. "[J]urisdiction is in the first instance a question of authority rather than fairness." *Id.* at 883. These precepts restrict judicial power, "not as a matter of sovereignty, but as a matter of individual liberty." *Id.* at 884. These principles preclude the exercise of jurisdiction over Walgreens.

#### 1. Ms. Shafer Bears the Burden of Demonstrating Personal Jurisdiction over Walgreens under Florida's Long-Arm Statute and the U.S. Constitution

"A federal court sitting in diversity undertakes a two-step inquiry to determine whether personal jurisdiction exists." *Waite v. All Acquisition Corp.*, 901 F.3d 1307, 1312 (11th Cir. 2018). The exercise of jurisdiction (i) must be appropriate under the state long-arm statute, and (ii) must not violate due process. *See Carmouche v. Tamborlee Mgmt., Inc.*, 789 F.3d 1201, 1203 (11th Cir. 2015). When jurisdiction is based on diversity—which it is here because cases brought pursuant to the Class Action Fairness Act are essentially diversity cases—Rule 4(e) of the

Federal Rules of Civil Procedure requires that the assertion of jurisdiction be determined by the state long-arm statute." *Daccache v. Quiros*, No. 16-21575-CIV, 2018 WL 2248409, at *10 (S.D. Fla. May 15, 2018); *see also Burgess v. Religious Tech. Ctr., Inc.*, 600 Fed. App'x 657, 659 (11th Cir. 2015) (applying Georgia's long-arm statute in a Class Action Fairness Act case).

Florida's long-arm statute provides two ways in which a defendant may be subject to the jurisdiction of the state's courts. "First, a defendant is subject to specific personal jurisdiction – that is, jurisdiction over suits that arise out of or relate to a defendant's contacts with Florida for conduct specifically enumerated in the statute." *Waite*, 901 F.3d, at 1312 (quoting Fla. Stat. § 48.193(1)(a)) (internal quotation marks omitted). "Second, a defendant is subject to general personal jurisdiction—that is, jurisdiction over any claims against a defendant, whether or not they involve the defendant's activities in Florida—if the defendant engages in substantial and not isolated activity in Florida." *Id.* (quoting Fla. Stat. § 48.193(2)) (internal quotation marks omitted).

"A plaintiff seeking the exercise of personal jurisdiction over a nonresident defendant bears the initial burden of alleging in the complaint sufficient facts to make out a prima facie case of jurisdiction." *Riley v. Donatelli*, No. 3:16-CV-898-J-34JBT, 2017 WL 3316479, at *3 (M.D. Fla. Aug. 3, 2017), *appeal dismissed*, No. 17-14031-C, 2017 WL 6397748 (11th Cir. Oct. 18, 2017), *and appeal dismissed*, No. 17-14986-G, 2018 WL 2229332 (11th Cir. Mar. 2, 2018). "Allegations in the complaint are accepted as true to the extent they are uncontroverted by the non-resident defendant's non-conclusory affidavits or deposition testimony." *Tarasewicz v. Royal Caribbean Cruises, Ltd.*, 2015 WL 3970546, at *18 (S.D. Fla. Jun. 30, 2015). Walgreens does not dispute Ms. Shafer's assertion that it is incorporated under the laws of Illinois and

maintains its principal place of business in Illinois; consequently, these jurisdictional allegations must be accepted as true. (*See* FAC ¶ 36.)

**2. Personal Jurisdiction Does Not Exist as to Walgreens**

In this case, neither specific nor general personal jurisdiction exists as to Walgreens. Consequently, the Court cannot exercise personal jurisdiction over Walgreens, requiring the dismissal of Ms. Shafer's claims against it.

**a. Specific Jurisdiction Does Not Exist as to Walgreens**

Specific jurisdiction exists "when a showing is made that the foreign defendant has engaged in specifically-enumerated conduct relating to her asserted cause of action." *Tarasewicz*, 2015 WL 3970546, at *19. To assert specific personal jurisdiction, Ms. Shafer must establish:

1. That her claims arise out of or relate to at least one of the defendant's contacts with the forum;
2. That the defendant purposefully availed itself of the privilege of conducting activities within the forum state; and
3. Whether the defendant has made a compelling case that the exercise of jurisdiction would violate traditional notions of fair play and substantial justice.

*See Waite*, 901 F.3d at 1313.

In applying the "arising out of" prong outlined above, courts must look to the "affiliation between the forum and the underlying controversy," focusing on any "activity or ... occurrence that [took] place in the forum State." *Bristol-Myers Squibb*, 137 S.Ct. at 1780. In the absence of such a connection, "specific jurisdiction is lacking regardless of the extent of a defendant's unconnected activities in the State." *Id.* at 1781. "In [the 11th] Circuit, we have held that a tort arises out of or relates to the defendant's activity in a state only if the activity is a 'but-for' cause of the tort." *Waite*, 901 F.3d at 1314 (internal quotations omitted). Further, Section 48.193(1)(a) of Florida's long-arm statute expressly provides that, for specific jurisdiction to exist for a particular cause of action, not only must the defendant commit one of the Florida-related acts

enumerated in the statute, but the cause of action must also "aris[e] from" defendant's commission of an enumerated Florida-related act. *See* § 48.193(1)(a).

Here, plaintiff does not in the FAC, and cannot, satisfy the statutory or due process requirements of specific personal jurisdiction. In particular, Ms. Shafer does not allege that Walgreens engaged in *any* suit-related conduct in Florida. Indeed, Ms. Shafer is a Michigan resident; alleges she purchased the subject Thyroid Tablets "at a Walgreens location in Michigan;" and does not allege that she consumed Thyroid Tablets anywhere other than in Michigan. (FAC ¶ 36; *see generally* FAC.) Therefore, "[Ms. Shafer] cannot establish that [her] claims arise out of or relate to [Walgreens'] contacts in Florida because none of those contacts is a but-for cause of the torts [Ms. Shafer] allege[s]." *Waite*, 901 F.3d at 1315. By the same token, Ms. Shafer's alleged "injuries" do not (and are not alleged to) "aris[e] from" Walgreens' actions in Florida. *See* § 48.193(1)(a). Consequently, the Court lacks specific jurisdiction over Walgreens.

**b. General Jurisdiction Does Not Exist as to Walgreens**

Although Florida's long-arm statute also sets forth what essentially is a general jurisdiction provision (*i.e.*, permitting a court to exercise jurisdiction over a defendant even though the claim does not arise out of the defendant's activities in the forum), that provision applies only where the defendant has engaged in "substantial and not isolated activity within this state." Fla. Stat. § 49.193(2). "Because Florida's long-arm provision extends to the limits on personal jurisdiction imposed by the Due Process Clause, we need only determine whether the district court's exercise of jurisdiction over [Walgreens] would exceed constitutional bounds." *Waite*, 901 F.3d, 1316; *see also Schulman v. Inst. for Shipboard Educ.*, 624 F. App'x 1002, 1005 (11th Cir. 2015) (same); *Banco de los Trabajadores v. Cortez Moreno*, 237 So.3d 1127, 1134

(Fla. Dist. Ct. App. 2018) (holding that it is futile to establish the more generous § 48.193(2) general jurisdiction standard of "continuous and systematic general business contact," is met, if the higher *Daimler* "at home" standard is not met).

"A court may assert general jurisdiction over foreign (sister-state or foreign-country) corporations," without offending due process only "when their affiliations with the State are so continuous and systematic as to render them essentially at home in the forum State." *Goodyear*, 564 U.S. at 919 (internal quotation marks omitted). As the Supreme Court reiterated in *Daimler*, 571 U.S. at 137, "only a limited set of affiliations with a forum" will render a defendant at home there. "The paradigm all-purpose forums in which a corporation is at home are the corporation's place of incorporation and its principal place of business." *Waite*, 901 F.3d at 1317. Outside of those two paradigmatic exemplars, a defendant's operations will "be so substantial and of such a nature as to render the corporation at home in that State" only in an "exceptional case." *Tyrrell*, 137 S.Ct. at 1558. Ms. Shafer's generalized allegation that Walgreens "conducts substantial business in the States of Michigan and Florida," falls far short of the "exceptional case" contemplated by *Daimler*. (FAC ¶ 36.)

The facts of *Daimler* are illustrative of the heavy burden of establishing such an exceptional case. There, the Court held that Daimler, a German corporation, was not subject to general jurisdiction in California based on the California contacts of Daimler's subsidiary, Mercedes–Benz USA ("MBUSA"). *Daimler*, 571 U.S. at 136. The "paradigm all-purpose forums" did not apply: Daimler was neither incorporated, nor did it maintain its principal place of business, in California. *Id.* at 137-39, 134 S.Ct. 746. Still, MBUSA had multiple facilities in California and was "the largest supplier of luxury vehicles to the California market," which accounted for more than two percent of Daimler's worldwide sales. *Id.* at 123. Assuming that if

MBUSA would be subject to general jurisdiction in California its California contacts could be imputed to Daimler, the Supreme Court nonetheless held that Daimler's contacts with California did not render it at home in the state, and thus the district court could not exercise general personal jurisdiction over it. *Id.* at 139, 134 S.Ct. 746.

After *Daimler*, courts applying Florida law have routinely found that foreign corporations with similar (or greater) contacts to the forum than those alleged as to Walgreens are not "at home" in this forum for the purposes of exercising general personal jurisdiction. For instance, in *Hinkle v. Cont'l Motors, Inc.*, the Court found no general jurisdiction over a California corporation even though the corporation (i) maintained an active registration with the Florida Department of State, (ii) had a registered agent in Florida, (iii) had a "massive volume of aircraft in Florida" with at least 428 planes there, (iv) maintained a sales representative in Florida, (v) had a training network in Florida, and (vi) had employees in Florida. *Hinkle v. Cont'l Motors, Inc.*, 268 F. Supp.3d 1312 (M.D. Fla. 2017), *appeal dismissed*, No. 17-13716-J, 2017 WL 5635149 (11th Cir. Oct. 17, 2017). *See also Teva Pharm. Indus. v. Ruiz*, 181 So.3d 513, 521 (Fla. 2d DCA 2015) (where defendant was neither incorporated in nor had its principal place of business in Florida, plaintiff could not establish general jurisdiction under *Daimler*); *In re Farmland Indus., Inc.*, No. 3:05-CV-587-J-32MCR, 2007 WL 7694308, at *12 (M.D. Fla. Mar. 30, 2007) ("The Court agrees with those cases holding that registering to do business and appointing a registered agent in the state of Florida, without more, does not subject a foreign corporation to the general personal jurisdiction of the state for any and all unrelated actions.")

Here, it is undisputed that *Daimler*'s "paradigm all-purpose forums" do not apply, as "Walgreens is a corporation organized under the laws of the State of Illinois and maintains its principal place of business at 200 Wilmot Road, Deerfield, Illinois 60015." (FAC ¶ 36.) Further,

Ms. Shafer has not even attempted to allege facts indicating that Walgreens' purported "substantial business" in Florida qualifies as an "exceptional case" subjecting it to general personal jurisdiction in Florida. Indeed, contacts with the forum state alleged in *Daimler* and *Hinkle* were far more substantial, and were alleged with far more specificity, than Walgreens' "substantial business" summarily alleged by Ms. Shafer here. (FAC ¶ 36.) Accordingly, under *Daimler*, this Court does not have general jurisdiction over Walgreens and, Ms. Shafer's claims as to Walgreens should be dismissed.

### B. Ms. Shafer's Claims Are Inadequately Pled

#### 1. Ms. Shafer's Claim for Breach of Implied Warranty (Count II) Is Barred under Michigan Law

Under Mich. Comp. Laws Ann. § 600.2947 (6)(a) and (b), a non-manufacturing seller may only be held liable for product liability claims where:

> (a) The seller failed to exercise reasonable care, including breach of any implied warranty, with respect to the product and that failure was a proximate cause of the person's injuries.
> (b) The seller made an express warranty as to the product, the product failed to conform to the warranty, and the failure to conform to the warranty was a proximate cause of the person's harm.

In other words, a plaintiff may only bring claims against a non-manufacturing seller in two scenarios: "(a) where the seller fails to exercise reasonable care, or (b) where there is a breach of an express warranty [made by the seller]." *Curry v. Meijer, Inc.*, 286 Mich. App. 586, 592, 780 N.W.2d 603, 606 (2009) (summarizing Mich. Comp. Laws Ann. § 600.2947 (6)(a) and (b)). The effect of this statute is to add the element of failure to exercise reasonable care to claims for breach of implied warranty. *Mook v. Gen. Motors Co.*, No. 309147, 2013 WL 3198137, at *6 (Mich. Ct. App. June 25, 2013) ("To establish a breach of an implied warranty, a plaintiff must establish a non-manufacturer seller's 'independent negligence'") (quoting *Konstantinov v.*

*Findlay Ford Lincoln Mercury*, 619 F Supp 2d 326, 331 (ED Mich, 2006)); *Johnson v. Serv. Tool Co., LLC*, No. 2:14-CV-12438, 2015 WL 7760480, at *5 (E.D. Mich. Nov. 30, 2015) (holding that to prevail on a claim for breach of implied warranty a plaintiff must show that a non-manufacturing seller "[f]ail[ed] to exercise reasonable care mean[ing] that a plaintiff must show that a non-manufacturer seller knew or had reason to know of an alleged defect in the product sold"). Further, "A seller has no duty to inspect a product unless the seller has reason to know that it is defective or the defect is readily ascertainable." *Mook*, 2013 WL 3198137, at * 6 (quoting *Konstantinov*, 619 F. Supp. 2d at 331.

Nowhere in the allegations of Count II (breach of implied warranty) of the FAC does Ms. Shafer allege that Walgreens failed to exercise reasonable care in selling the subject Thyroid Tablets (or otherwise filling her prescription with this generic product), or that, at the time of Ms. Shafer's purchase of the subject Thyroid Tablets, Walgreens knew or had reason to know that Ms. Shafer's particular thyroid tablets were statutorily "adulterated." (*See generally* FAC Count II.) Indeed, Ms. Shafer fails to plausibly plead that her particular Thyroid Tablets did not contain the labeled amount of API, let alone that Walgreens knew of this fact. (*See* Westminster Mem. at § III.A.2.) Having thus failed to plead plausible facts indicating that Walgreens "knew or had reason to know of an alleged defect in" Ms. Shafer's Thyroid Tablets, Ms. Shafer's claim for breach of implied warranty against Walgreens fails as a matter of law and should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

#### 2. Ms. Shafer's Claim for Strict Liability-Manufacturing Defect Is Barred under Michigan Law

It is well settled that under the law of Michigan, "two theories of recovery are recognized in product liability cases; negligence and implied warranty. Strict liability has not been recognized as a third theory of recovery." *Johnson v. Chrysler Corp.*, 74 Mich.App. 532, 254

N.W.2d 569, 571 (Mich. Ct. App. 1977); *see also Rodger v. Ford Motor Co.*, No. 275578, 2008 WL 4646140, at *6 (Mich. Ct. App. Oct. 21, 2008) ("Michigan does not recognize strict liability as a theory of recovery in product liability actions"); *Tice v. Zimmer Holdings, Inc.*, No. 1:15-CV-134, 2015 WL 6619143, at *2 (W.D. Mich. Oct. 30, 2015) ("negligence and implied warranty, respectively, [] are the only two theories of recovery recognized in Michigan for a product liability claim"). Count IX of the FAC is a strict liability-manufacturing defect claim; therefore, it is barred under the law of Michigan and must be dismissed.

**3. Ms. Shafer's Claim for Unjust Enrichment Fails to Meet the *Iqbal/Twombly* Pleading Standard**

According to the pleading standard articulated by *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), a plaintiff's complaint must contain enough facts to make the claim for relief "plausible on its face." *Twombly*, 550 U.S. at 570. A complaint must, therefore, contain sufficient factual allegations to nudge the claim for relief from the realm of conceivable to plausible. *Id.* Ms. Shafer's claim for unjust enrichment (Count II) falls far short of this standard.

First, Ms. Shafer's claim rests on the unfounded extrapolation of a post-recall finding by FDA that a particular batch of Thyroid Tablets had inconsistent levels of API, to the unsupported conclusion that each and every recalled Thyroid Tablet (including the particular tablets she ingested) consistently contained an incorrect level of API. (*See* FAC ¶ 100 ("the medications purchased by Plaintiffs contained inconsistent levels of API, rendering the product worthless"; Westminster Mem. at § III.A.2.; *see generally* FAC.)

Second, in describing the factual circumstances purportedly underlying her claims, Ms. Shafer explicitly alleges that:

> Plaintiff Shafer originally learned about the recall by receiving a letter dated August 24, 2018, indicating that her medication was "being recalled due to risk of impurity from substandard manufacturing practices." Plaintiff Shafer was instructed to contact her pharmacy for a replacement medication.

(FAC ¶ 33.) Unlike the allegations of Ms. Yachera, Ms. Shafer never alleges she was instructed to cease using her Thyroid Tablets. (*Compare* FAC ¶ 32, with ¶ 33.) But Ms. Shafer's claim for unjust enrichment explicitly rests on the premise that "Plaintiffs were instructed to stop using the medication," rendering her Thyroid Tablets "worthless." (FAC ¶ 100.) Thus, the premise of her claim for unjust enrichment, namely that she was instructed not to take Thyroid Tablets, is inconsistent with Ms. Shafer's earlier allegations which markedly omit this critical fact.

Having relied on an implausible extrapolation from FDA's post recall finding of inconsistent levels of API in a batch of Thyroid Tablets to the threadbare conclusion that her particular Thyroid Tablets did not contain the labeled amount of API, and having alleged facts explicitly contradicting the underlying premise of her claim for unjust enrichment, Ms. Shafer's claim is implausible and fails to meet the *Iqbal/Twombly* pleading standard. Accordingly Ms. Shafer's claim for unjust enrichment should be dismissed.

### C. The Court Should Dismiss Ms. Shafer's Claims against Walgreens on the Grounds Set Forth in Westminster's Motion to Dismiss

Walgreens adopts and incorporates herein all arguments set forth in Westminster's Motion to Dismiss Plaintiffs' First Amended Complaint and the Memorandum in Support, and moves pursuant to Federal Rules 9(b), 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure to dismiss all Ms. Shafer's claims against Walgreens, as well as those of the putative nationwide class and Michigan subclass she purports to represent. As set forth in Westminster's Memorandum in Support, Ms. Shafer has not, *inter alia*, established Article III standing, the majority of Ms. Shafer's claims are barred by the economic loss doctrine, her claims fail to meet

the *Iqbal*/*Twombly* pleading standard, and Ms. Shafer fails to plead her fraud claims with requisite particularity.

## IV. CONCLUSION

For the foregoing reasons, Walgreens respectfully requests that the Court dismiss Ms. Shafer's claims against Walgreens.

Respectfully submitted,

*/s/ Paul M. Weekley*

Paul M. Weekley (Florida Bar #067938)
Megan B. Collins, Esq. (Florida Bar #99547)
**WEEKLEY, SCHULTE VALDES, LLC**
1635 N. Tampa Street, Suite 110
Tampa, FL 33602
Tel: (813) 221-1154
pweekley@wsvlegal.com

Paul J. Cosgrove (*pro hac vice* application forthcoming)
**ULMER & BERNE LLP**
600 Vine Street, Suite 2800
Cincinnati, OH 45202
Tel: (513) 698-5000
pcosgrove@ulmer.com

David D. Yeagley (*pro hac vice*)
**ULMER & BERNE LLP**
1660 West 2nd Street, Suite 1100
Cleveland, OH 44113
Tel: (216) 583-7216
dyeagley@ulmer.com

**Attorneys for Defendant Walgreen Co.**